*Municipal Court of the City of Boston*
No. 216064

## BOSTON & TAUNTON TRANSPORTATION CO.

v.

## PARKWAY DISTRIBUTORS, INC.

Argued: April 10, 1970 - Decided: Nov. 10, 1970

*Present:* Lewiton, J. (Presiding), Canavan, Foster, JJ.

Case tried to *Glynn, J.*

**Foster, J.** This is an action of contract in which the plaintiff, a common carrier, seeks to recover for detention charges in connection with the transportation of goods to the defendant's place of business.

There was evidence that on several occasions when the paintiff delivered commodities

to the place of business of the defendant, the plaintiff's vehicles and employees were required to wait around and spend an appreciable amount of time before the articles consigned to the defendant could be unloaded. The plaintiff sent invoices to the defendant, making charges based on such delays. These charges were based on tariffs which the plaintiff claimed to have filed with the Massachusetts Department of Public Utilities and the Interstate Commerce Commission.

In the course of the trial, the plaintiff attempted to prove the provisions of the tariffs, identified as Massachusetts Department of Public Utilities No. A-128 and M.F.I.C.C. No. A-230, by a publication published by the New England Motor Rate Bureau Inc., agent, containing the tariffs of the Department of Public Utilities and the Interstate Commerce Commission.

On objection by the defendant this evidence was excluded and the plaintiff claimed a report of this ruling.

The plaintiff also claims to be aggrieved by the trial judge's finding and ruling that the plaintiff had failed to establish the validity of the tariffs upon which it relied, and had thtrefore, failed as a matter of law to sustain its burden of proof. This latter ruling was obviously based upon the earlier ruling excluding

from evidence the copy of tariffs offered by the paintiff.

In this context, the crucial question was the admissibility of the publication purporting to contain the pertinent tariffs. In support of its admissibility, the plaintiff relies on General Laws, c. 233, 76B whilh provides as follows:

> "Printed copies of schedules, classifications and tariffs of rates, fares and charges, and supplements to any such schedules, classifications and tariffs, filed with the Interstate Commerce Commission, which show an Interstate Commerce Commission number, *and an effective date* shall be presumed to be correct copies of the original schedules, classifications, tariffs and supplements on file with the Interstate Commerce Commission, and shall be received as good and sufficient evidence, without certification, in any Court of this Commonwealth to prove such schedules, classifications, tariffs and supplements." (Emphasis supplied)

However, the report before us does not indicate whether the copy offered in evidence by the plaintiff recited the "effective date" as required for applicability of the foregoing statute. Since the document itself was not made available to the Appellate Division, we are unable to determine whether it was, in fact, made admissible by General Laws, c. 233, § 76B.

Because of the nature of the charges sought to be recovered in this action, and the extent to which regulations under state and federal law govern charges permitted to be made by common carriers, we feel that we should not make a determination in this case without having before us the document in question, or at least a clear description of it, which would enable us to determine whether it did, in fact, come within the scope of General Laws, c. 233, § 76B.

Consequently, we feel that justice will best be served by our recommitting the case to the trial judge for the purpose of (1) amending the report by incorporating therein, directly or by reference, a copy of the proferred document, or a more complete description thereof, or (2) at the discretion of the trial judge, ordering a new trial in the case.

**Report recommitted for action consistent with this opinion.**

MELVYN D. COHEN of Boston
    for the Plaintiff
NATHAN ROBINS of Boston
    for the Defendant